**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: March 1, 2021
Date Decided: March 11, 2021

Blake A. Bennett, Esq.
COOCH AND TAYLOR, P.A.
The Nemours Building
1007 N. Orange St., Suite 1120
Wilmington, Delaware 19899

Raymond J. DiCamillo, Esq.
Srinivas M. Raju, Esq.
Robert L. Burns, Esq.
Matthew D. Perri, Esq.
Angela Lam, Esq.
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

RE:  *In re USG Corporation Stockholder Litigation*,
C.A. No. 2018-0602-SG

Dear Counsel:

I have before me the Plaintiffs' Motion for Leave to File a Second Amended Class Action Complaint (the "Motion"),[1] the Defendant's Opposition,[2] and the Plaintiffs' Letter[3] advising that they do not intend to file a reply. For the reasons that follow, the Plaintiffs' Motion is denied.

---

[1] Pls.' Mot. for Leave to File Second Am. Class Action Compl., Dkt. No. 115 [hereinafter the "Motion"].
[2] Defs.' Opp'n to Pls.' Mot. for Leave to File Second Am. Class Action Compl., Dkt. No. 116 [hereinafter the "Opposition"].
[3] Ltr. To the Court from Blake A. Bennet, Dkt. No. 118.

*Background*

This Motion comes to me in oddly circuitous fashion. The parties have already fully briefed and argued a motion to dismiss (the "Motion to Dismiss").[4] I granted that motion in its entirety in a memorandum opinion on August 31, 2020 (the "Memorandum Opinion").[5] In the Memorandum Opinion, I found that the Plaintiffs had (via a sufficient allegation that disclosures in way of a stockholder vote were inadequate) shown that *Corwin* cleansing did not apply.[6] Nonetheless, I found that the Plaintiffs had also failed to "plead facts that make it reasonably conceivable that the Defendants" acted in bad faith or in breach of the duty of loyalty, and that the Motion to Dismiss must be granted.[7] In the Memorandum Opinion, I asked the parties to submit an appropriate form of order consistent with my findings in the opinion.[8] Before that could occur, however, the Plaintiffs moved to reargue, positing that I had "overlooked the fact that one Defendant, Jennifer Scanlon, was an officer as well as a director of USG, and that, in her officer role, she was not exculpated from damages for a violation of a duty of care in relation to a

---

[4] Defs.' Mot. to Dismiss the Verified Am. Class Action Compl., Dkt. No 86.
[5] *In re USG Corp. S'holder Litig.*, 2020 WL 5126671 (Del. Ch. Aug. 31, 2020), *reargument denied*, 2020 WL 7041190 (Del. Ch. Dec. 1, 2020).
[6] *Id.* at *13.
[7] *Id.* at *2.
[8] *Id.* at *31.

disclosure to stockholders."[9]  I denied that motion as well via a letter opinion (the "Letter Decision"), on the grounds that

> [i]t does not appear that the Complaint alleges Ms. Scanlon, as a corporate officer, was grossly negligent in the dissemination of disclosures.  To the extent that, given the Plaintiff-friendly pleading standard on this Motion to Dismiss, it may be so read, the Plaintiffs failed to brief the issue in response to the Motion sufficiently to consider it raised, and failed to raise it at oral argument as well.  The claim, accordingly, was waived.[10]

After the Letter Decision was issued, the Defendants submitted a proposed order implementing the Memorandum Opinion.[11]  The Plaintiffs did not stipulate to the proposed order, and indicated that they intended to seek leave to file an amended complaint.[12]  The Motion was filed two days later, on December 11, 2020, and was fully briefed by December 21, 2020.

However, on January 4, 2021, the Plaintiffs filed a notice of appeal of my decision granting the Defendants' Motion to Dismiss, despite there being no final order (or request to certify interlocutory appeal) in the case.[13]  In any event, in light of the appeal, I stayed this action—including the fully briefed Motion—until resolution of the appeal.[14]  The Supreme Court subsequently dismissed the appeal.[15]

---

[9] *See In re USG Corp. S'holder Litig.*, 2020 WL 7041190, at *1 (Del. Ch. Dec. 1, 2020) (summarizing the Plaintiffs' Motion for Reargument, Dkt. No. 102).
[10] *Id.*
[11] Ltr. from Angela Lam to Vice Chancellor Glasscock, Dkt. No. 113.
[12] Ltr. to the Court from Blake A. Bennet, Dkt. No. 114.
[13] Copy of notice of appeal to the Supreme Court filed 12-30-20, Dkt. No 119.
[14] Ltr. To Counsel, Dkt. No 121.
[15] Ltr. To the Honorable Sam Glasscock from Blake A. Bennet, Esq., Dkt. No 123.

The parties have informed me that the Motion for Leave to File an Amended Complaint is fully submitted for adjudication.[16]

*Analysis*

Court of Chancery Rule 15 governs amendments to pleadings and two subsections are pertinent here. Rule 15(a) provides that a party may amend its pleadings "once as a matter of course" before a responsive pleading is served; "[o]therwise a party may amend the party's pleading only by leave of Court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Rule 15(aaa), however, forms an exception to that general and liberal rule; it provides a more stringent standard when a motion to dismiss has been submitted *before* a motion to amend is made. In that case, "[n]otwithstanding subsection (a)," if "a party fails to timely file an amended complaint . . . and the Court thereafter concludes that the complaint should be dismissed . . . such dismissal shall be with prejudice . . . unless the Court, for good cause shown, shall find that dismissal with prejudice would not be just under all the circumstances."

"The purpose of Rule 15(aaa) was to curtail the number of times that the Court of Chancery was required to adjudicate multiple motions to dismiss the same action."[17] The pernicious conduct so addressed was the tendency to file an

---

[16] *Id.*

[17] *Braddock v. Zimmerman*, 906 A.2d 776, 783 (Del. 2006).

4

inadequate complaint and, once a successful motion to dismiss was adjudicated, attempt to address the deficiencies noted by the court with another iteration of the cause of action, perhaps serially, to unwarranted expense and effort. Accordingly, the rule requires plaintiffs, "when confronted with a motion to dismiss . . . to elect to either: stand on the complaint and answer the motion; or, to amend or seek leave to amend the complaint before the response to the motion was due."[18] In other words, Rule 15(aaa) was written precisely for situations such as the one here, in which the parties have fully briefed and argued a motion to dismiss and the court has decided it.

Rule 15(aaa), not Rule 15(a), applies.

The Plaintiffs nevertheless argue that Rule 15(a), rather than Rule 15(aaa), should apply here. In support, they cite *TVI Corp. v. Gallagher.*[19] In *TVI*, the Court treated a motion to amend made during the pendency of a motion to dismiss "as if it had been submitted after [the] disposition of the Motion to Dismiss,"[20] and proceeded to grant the motion to amend. The court reached both results because the amendment "seeks only to add *a new direct claim*" and, of the "several other minor changes, . . . only one . . . relates to the claims that have been dismissed in response

---

[18] *Id.*
[19] *TVI Corp. v. Gallagher*, 2013 WL 5809271, at *21 (Del. Ch. Oct. 28, 2013).
[20] *Id.*

to Defendants' Motion to Dismiss."[21]  In other words, the holding in *TVI* is that Rule 15(aaa) is not applicable to an amendment that states a new claim not addressed in a motion to dismiss.

The Plaintiffs argue that *TVI* is on point here, because the "Complaint attempted to (although apparently did not) plead" the gross negligence claim against Defendant Scanlon.[22]  Accordingly, per the Plaintiffs, the gross negligence claim was "not within the purview of the motion to dismiss" and the Motion should be reviewed under Rule 15(a) instead of Rule 15(aaa).[23]  The Plaintiffs confuse absence of a pleading with an insufficient pleading, however.  An amended pleading to cure the former is addressed in *TVI*; the latter is before me.

The revised pleading proposed here would not state a claim outside "the purview of the motion to dismiss."[24]  The claim that Defendant Scanlon breached her fiduciary duty of care—the claim that the Plaintiffs seek to reform and perfect in the proposed amended pleading—*was* subject to the Motion to Dismiss.  The Motion to Dismiss sought dismissal of the entire Amended Complaint—which, in turn, included only one count:  a breach of "fiduciary duties" against all the Defendants.[25]  By definition, a breach of Scanlon's duty of care would fall within that count, the

---

[21] *Id.* (emphasis added).
[22] The Motion ¶ 15.
[23] The Motion ¶ 14.
[24] *TVI*, 2013 WL 5809271, at *21.
[25] Pls.' Verified Am. Class Action Compl. ¶¶ 207–211, Dkt. No. 78.

dismissal of which was sought in the Motion to Dismiss. Accordingly, the *TVI* exception does not apply here.

<u>The Plaintiffs have not shown good cause.</u>

The Plaintiffs, with their Motion, seek to amend their Amended Complaint to perfect a claim that they had "attempted"[26] to make, after I decided that the claim was insufficiently alleged. This is not a case where a new and unique claim is being raised against the Defendants. Rather, "[t]he parties went through full briefing and argument, yet [the Plaintiffs] did not once identify any additional allegations that might bolster [their] claim."[27]

To quote the Plaintiffs,

The Operative Complaint, *inter alia*: (i) identified Scanlon as a defendant in her capacity as the CEO and President of USG in addition to her position as a director (¶ 12); (ii) identified her as a member of 'management' (*e.g.*, ¶ 62); (iii) explained that Defendants 'were in a fiduciary relationship with Plaintiff and the other public shareholders of USG and owed them a *duty of care*, loyalty, good faith, *candor*, and independence' '[b]y reason of the Defendants' positions with the Company as *officers* and/or directors,' (¶ 34); (iv) explained why the Proxy was materially incomplete and misleading (¶¶ 204-06); and (v) asserted that 'Plaintiffs and the Class . . . suffered the injury of an uninformed stockholder vote.[28]

Such allegations, as I have found, are insufficient to state a claim against Scanlon. They fail to allege that the Company's incomplete and misleading disclosures—

---

[26] The Motion ¶ 15.
[27] *Mooney v. E. I. du Pont de Nemours & Co.*, 2017 WL 5713308, at *8 (Del. Super. Ct. Nov. 28, 2017), *aff'd*, 192 A.3d 557 (Del. 2018).
[28] The Motion ¶ 2 (emphasis in the original).

issuance of which is the sole breach of care that the Plaintiffs articulate—are the result of *Scanlon's* gross negligence—a point I articulated in my Letter Decision.[29] The Plaintiffs' allegations merely allege that the proxy in question was insufficient and conclude that it may be Scanlon's fault. Although the standard at a motion to dismiss is plaintiff-friendly, it does not require the Court to accept the plaintiff's conclusory allegations.[30]

Finally, as I noted in my Letter Decision, even if the plaintiff-friendly motion to dismiss standard may be read to allow an inference that Scanlon was grossly negligent in causing the corporation to issue the incomplete and misleading proxy, "the Plaintiffs failed to brief the issue in response to the Motion sufficiently to consider it raised, and failed to raise it at oral argument as well."[31] Indeed, the Plaintiffs raised the duty of care allegation with regards to Scanlon (if at all) only in a footnote of their motion to dismiss briefing that stated: "§ 102(b)(7) does not exculpate officers in their capacity as officers, such that exculpation is not available to Scanlon."[32] True, but unhelpful to the Plaintiffs. The footnote does not provide

---

[29] A disclosure violation, I note, does not necessarily implicate the duty of care; that is, *gross negligence*. The Memorandum Opinion found that the pleadings, viewed in a plaintiff-friendly light, implied *negligence* regarding the disclosures. *In re USG Corp. S'holder Litig.*, 2020 WL 5126671, at \*28 (Del. Ch. Aug. 31, 2020) ("While I may infer that the Proxy Statement negligently failed to inform USG's stockholders of the Board's view of USG's intrinsic value, in light of the other disclosures made, it is not reasonably conceivable that such non-disclosure rises to the level of conscious disregard of duty."), *reargument denied*, 2020 WL 7041190 (Del. Ch. Dec. 1, 2020).
[30] *Pfeffer v. Redstone*, 965 A.2d 676, 683 (Del. 2009).
[31] *In re USG Corp. S'holder Litig.*, 2020 WL 7041190, at \*1 (Del. Ch. Dec. 1, 2020).
[32] *See* the Motion ¶ 4.

any argument as to how the factual allegations support gross negligence on Scanlon's part with respect to the disclosures, or how such gross negligence caused the harm to the Plaintiffs.

The Plaintiffs in their original pleading attempted and failed to plead breach of fiduciary duty against Scanlon. Rule 15(aaa) precludes a second such attempt here. Application of that rule does not work an injustice "under all the circumstances" here.[33]

For the forgoing reasons, the Plaintiffs' Motion for Leave to File a Second Amended Complaint is DENIED. An appropriate Order is attached.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

cc:     All counsel of record (by *File & ServeXpress*)

---

[33] Ct. Ch. R. 15(aaa).

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

IN RE USG CORPORATION        ) CONSOLIDATED
STOCKHOLDER LITIGATION      ) C.A. No. 2018-0602-SG

## **ORDER**

For the reasons set forth in my Letter Decision of March 11, 2021, IT IS

HEREBY ORDERED:

1. The Plaintiffs' Motion for Leave to File Second Amended Class Action

    Complaint is DENIED.

    **IT IS SO ORDERED** this 11th day of March, 2021.


<u>/s/ Sam Glasscock III</u>

Vice Chancellor